USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/4/2026

**UNITED STATES DISTRICT C**
**SOUTHERN DISTRICT OF NEW**

| | |
|---|---|
| AVNET, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TD SYNNEX CORPORATION,<br><br>Defendant. | 26 Civ. 5092 (AT)<br><br>**PROTECTIVE ORDER** |

ANALISA TORRES, United States District Judge:

WHEREAS, the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain non-public and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protection on all disclosures or responses to discovery, and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of the foregoing, and based on the representations of the Parties that discovery in this case will involve confidential documents or information, the public disclosure of which would cause harm to the producing person and/or a third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause to issue an appropriately tailored confidentiality order governing the pretrial phase of this action;

**IT IS HEREBY ORDERED** that any person subject to this Protective Order—including, without limitation, the Parties to this action, their representatives, agents, experts, and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (i.e., information of any kind produced or disclosed pursuant to and in the course of discovery in this action) that is designated "Confidential" or "Highly Confidential – Attorney's Eyes Only" pursuant to the terms of this Protective Order (collectively, "Confidential Discovery Material") shall not disclose

such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. Any Party or another person producing discovery may designate any document or information, in whole or in part, as Confidential if that Party or other person (or counsel for that Party or other person) determines, in good faith, that such designation is necessary to protect the interests of a Party or third party in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information" or "Confidential").

3. Any Party or another person producing discovery may designate any document or information, in whole or in part, as Highly Confidential – Attorney's Eyes Only if its disclosure to another Party would create a substantial risk of harm, including harm to the business or competitive position of the producing Party, or the disclosure of personal or financial information, that could not be avoided by less restrictive means (such document or information, "Highly Confidential Information" or "Highly Confidential"). A Party may designate Discovery Material as "Highly Confidential – Attorney's Eyes Only" in the same manner that a Party may designate Discovery Material as Confidential. Any Discovery Material designated "Highly Confidential – Attorney's Eyes Only" under this paragraph 3 may only be shown to the people in paragraphs 8(b), (c), (d), (e), (g), (h), and (i).

4. With respect to the Confidential or Highly Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion Confidential or Highly Confidential – Attorney's Eyes Only by stamping or otherwise clearly marking Confidential the protected portion in a manner that will not interfere with legibility or audibility.

5. With respect to deposition transcripts, any Party or another person producing discovery (or counsel for that Party or other person) may designate such portion Confidential or Highly Confidential – Attorney's Eyes Only either by (a) indicating on the record during the deposition that a question calls for Confidential Information, in which case the reporter will bind the transcript of the designated testimony (consisting of both question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 15 days of receipt of the final transcript of a deposition, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential or Highly Confidential – Attorney's Eyes Only, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the producing person or that person's counsel. Following the conclusion of a deposition, and until 15 days after receipt of the final transcript, the entire deposition transcript will be treated as if it had been designated Confidential.

6. If at any time prior to the trial of this action, a Party or other person producing the discovery realizes that some portion(s) of Discovery Material previously produced should be designated Confidential or Highly Confidential – Attorney's Eyes Only, then such Party or person may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be, and treated as, Confidential under the terms of this Protective Order.

7. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

8. Where a Party or other person producing the discovery has designated Discovery Material Confidential, other persons subject to this Protective Order may only disclose such Discovery Material or information contained therein to:

(a) the Parties to this action, including directors, officers, and employees of the Parties, who have been advised of their obligations hereunder;

(b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) outside vendors or service providers (such as copy-service providers and document management consultants, graphic production services or other litigation support services) hired by counsel and assigned to this matter, including computer service personnel performing duties relating to a computerized litigation system, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

(d) any mediator or arbitrator engaged by the Parties in this matter or appointed by the Court, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

(e) as to any document, its author, addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who, in the good-faith belief of counsel for a Party, may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

(g) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

(h) stenographers engaged to transcribe depositions conducted in this action; and

(i) this Court, including any appellate court, and the court reporters and support personnel for the same.

9. Before disclosing any Confidential Discovery Material to any person referenced in subparagraphs 8(c), (d), (f), or (g) above, counsel shall provide a copy of this Protective Order to such person, who must sign a Non-Disclosure Agreement in the form attached hereto stating that the person has read the Protective Order and agrees to be bound by it. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and

produce it to opposing counsel, either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10. Any Party who objects to any designation of confidentiality may, at any time prior to the trial of this action, serve upon counsel for the designating Party or other person a written notice stating with particularity the grounds of the objection. If the Parties (or other person, as applicable) cannot reach agreement following a good faith meet-and-confer process, counsel for all Parties shall address their dispute to the Court in accordance with this Court's Individual Rules of Practice.

11. A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. The receiving Party subject to such obligation shall inform the third party of the request as soon as reasonably possible and, further, that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within 30 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate confidentiality designation.

12. Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereof, and not for any business, commercial, or competitive purpose, or in (or in connection with) any other litigation or proceeding. Nothing in this Protective Order, however, will affect or restrict the rights of any Party or other person with respect to its own documents or information produced in this action. Nor does anything in this Protective Order limit or restrict the rights of any Party or other person to use or disclose information or material obtained independently from, and not through or pursuant to, the Federal Rules of Civil Procedure.

13. The Parties agree that a Receiving Party may use artificial intelligence software and services (together, an "AI Model") to aid in the processing, review, and analysis of Confidential Information and Highly Confidential Information in this litigation, provided however that any such AI Model must protect the confidentiality of the information as required by this Stipulation and Order. The Parties expressly agree that no Receiving Party will submit any Confidential Information or Highly Confidential Information received pursuant to this Stipulation and Order to an AI Model that is open or available to the public, including ChatGPT and similar tools. The Parties further expressly agree that no Receiving Party will submit any Confidential Information or Highly Confidential Information received pursuant to this Stipulation and Order to any proprietary or closed AI Model unless it first ensures that the AI tool will not learn from, be trained on, or otherwise incorporate the Confidential Information or Highly Confidential Information for any purpose other than the prosecution or defense of this litigation. Before a Receiving Party submits Confidential Information or Highly Confidential Information received pursuant to this Stipulation and Order to an AI Model in compliance with this paragraph, the Receiving Party shall make certain that such Confidential Information or Highly Confidential Information will not be accessible to unauthorized persons and that it can be deleted from the AI Model in accordance with paragraph 31 of this Stipulation and Order.

14. Nothing herein will prevent any Party or other person subject to this Protective Order from producing any Confidential Discovery Material it received in this action in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such Party or other person receiving such a request or process shall provide written notice to the producing Party or other person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing Party or other person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing Party or other person deems it appropriate to do so.

15. In accordance with Section IV(A)(ii) of this Court's Individual Rules of Practice, any Party filing documents under seal must first file with the Court a motion or letter-motion explaining the basis for sealing such documents. The Parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (internal quotation omitted).

16. The Court also retains unfettered discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

17. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System ("ECF"). The Parties shall simultaneously file under seal via ECF, with the appropriate level of restriction, an unredacted copy of the Confidential Court Submission with the proposed redactions highlighted.

18. Each Party or other person who has access to Discovery Material that has been designated Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

19. Any Personally Identifiable Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) shall be produced in a redacted form in accordance with Fed. R. Civ. P. 5.2 and the Stipulated Protocol for Discovery of Electronically Stored Information filed in this Action. Any PII exchanged in discovery not subject to such redactions shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. Nothing herein shall preclude the producing Party or other person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving Party's failure to appropriately protect PII from unauthorized disclosure.

20. If either Party determines that the General Data Protection Regulation or any other foreign data privacy, data protection, blocking, or secrecy law may apply to any PII or other Discovery Material, the Parties shall negotiate in good faith, pursuant to Paragraph 28, a modification of this Protective Order and any Stipulated Protocol for Discovery of Electronically Stored Information filed in this Action to address compliance, including through redaction, withholding, or other appropriate measures. Nothing in this Protective Order shall be construed as a waiver of any Party's rights or obligations under such laws.

21. In the event of a disclosure, including inadvertent disclosure resulting from a data breach or other similar event, by a Party in possession of Confidential Discovery Material to persons or entities not authorized by this Protective Order to receive such Confidential Discovery Material, the Party making the unauthorized disclosure shall, upon learning of the disclosure, immediately: (i) notify the person or entity to whom the disclosure was made that the disclosure contains Confidential Discovery Material subject to this Order; (ii) make reasonable efforts to recover the disclosed Confidential Discovery Material and all copies thereof, as well as preclude further dissemination by the person or entity to whom the disclosure was made; and (iii) notify the Party or other person that designated the Confidential Discovery Material of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Confidential Discovery Material and ensure against further dissemination or use thereof. Disclosure of Confidential Discovery Material other than in accordance with the terms of this Protective Order by a receiving Party may subject that receiving Party to such sanctions and remedies as the Court may deem appropriate.

22. Consistent with Fed. R. Evid. 502(d), if, in connection with this litigation, a Party or other person inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

23. Consistent with Fed. R. Civ. P. 26(b)(5)(B), if a disclosing Party or other person makes a claim of inadvertent disclosure, the receiving Party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information and provide a certification of counsel that all such information has been returned or destroyed.

24. The disclosing Party or other person shall provide a privilege log with respect to the Inadvertently Disclosed Information no later than 14 days after the completion of document discovery. If the disclosing Party or other person receives a certification of counsel that all Inadvertently Disclosed Information has been returned or destroyed more than 14 days after the completion of document discovery, the disclosing Party or other person shall provide a privilege log with respect to the Inadvertently Disclosed Information within five business days of receipt of such certification.

25. If the receiving Party disputes that the Inadvertently Disclosed Information is privileged or otherwise protected, the receiving Party shall provide written notice of such dispute (a "Challenge Notice") to the disclosing Party or other such person. Until the dispute is resolved or ruled upon, the receiving Party may retain a copy of the Inadvertently Disclosed

Information and shall undertake to keep such information restricted solely for use in connection with the dispute.

26. If a receiving Party provides a timely Challenge Notice to the disclosing Party, the receiving Party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

27. The disclosing Party or other person retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any Party or other person to request an *in camera* review of the Inadvertently Disclosed Information.

28. This Protective Order may be changed by further order of this Court and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

29. Nothing in this Protective Order precludes any Party, or any non-party from whom discovery has been requested, from applying to the Court for additional or different protective provisions with respect to specific material if the need arises during this Action.

30. Nothing in this Protective Order operates to create an admission by any Party that any Discovery Material is relevant or admissible. Each Party specifically reserves the right to object to the use or admissibility of Discovery Material.

31. This Protective Order shall survive the termination of the litigation and will continue to be binding upon all Parties to whom Confidential Discovery Material is produced or disclosed. Within 30 days of the final disposition of this action, all Confidential Discovery Material, and all copies thereof, shall be destroyed, except for (i) such information or material that was transmitted electronically and whose removal or destruction from a Party's electronic systems would violate applicable federal or state law, rule, or regulation, or policies and procedures reasonably designed to ensure compliance with such law, rule, or regulation, (ii) information saved on backup media in an electronically stored format, or (iii) information incorporated into any pleadings, motions, other Court filings, or work product. The recipient shall, upon request by a producing Party or other person, certify on or before the 30-day deadline the destruction of all Confidential Discovery Material, and all copies thereof, by submitting a written certification to the producing Party or other person that affirms that the recipient has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys specifically retained by the Parties for representation in this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies, and any other retained documents or information, that contain or constitute Confidential Discovery Material remain subject to this Order.

32. All persons subject to this Protective Order acknowledge that willful violation of the Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder, or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: November 3, 2026

*/s/ James Heyworth*
James Heyworth
Deborah Sands
Sidley Austin LLP
787 Seventh Avenue
New York, New York 10019
Tel.: (212) 839-5300
jheyworth@sidley.com
dsands@sidley.com

*Counsel for Plaintiff Avnet, Inc.*

*/s/ Mark E. McDonald*
Mark E. McDonald
Ryken Kreps
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Tel.: (212) 225-2000
memcdonald@cgsh.com
rkreps@cgsh.com

*Counsel for Defendant TD SYNNEX Corporation*

SO ORDERED.

Dated: November 4, 2026
New York, New York

ANALISA TORRES
United States District Judge